

FILED
RICHARD W. NAGEL
CLERK OF COURT

2021 SEP -8  PM 2: 43

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY J. WILLIAMS, Jr.,<br>  aka "J Streets"<br>  aka "J",<br>(Counts 1 thru 17)<br><br>KYLE CASTLE,<br>(Counts 1 thru 4)<br><br>JESSE CLIMER,<br>(Counts 1 thru 4)<br><br>BRIAN MUNCY, and<br>(Counts 1 & 3)<br><br>DURONE ELLIS,<br>  aka "B" or "BB",<br>(Counts 11 & 17)<br><br>Defendants. | CASE NO. 2:20-CR-017<br><br>JUDGE WATSON<br><br>SECOND<br>SUPERSEDING<br>INDICTMENT<br><br>18 U.S.C. § 2<br>18 U.S.C. § 924(c)<br>18 U.S.C. § 924(d)(1)<br>18 U.S.C. § 924(j)<br>18 U.S.C. § 1111<br>18 U.S.C. § 1951<br>18 U.S.C. § 1512<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(A)(vi)<br>21 U.S.C. § 841(b)(1)(B)(ii)(II)<br>21 U.S.C. § 841(b)(1)(C)<br>21 U.S.C. § 846<br>21 U.S.C. § 853(a)(1), (2)<br>28 U.S.C. § 2461(c)<br><br>FORFEITURE |

**THE GRAND JURY CHARGES:**

### COUNT ONE
### (Conspiracy to Possess with Intent to Distribute Controlled Substances)

1.      On or about June 1, 2018, through and including June 27, 2018, in Columbus,

Ohio, in the Southern District of Ohio, the defendants, **LARRY J. WILLIAMS, JR.,** aka "J

Streets," aka "J,"  **KYLE CASTLE, JESSE CLIMER, BRIAN MUNCY,** and others known

and unknown to the Grand Jury, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and with others, both known and unknown to the Grand Jury, to possess with intent to distribute controlled substances including but not limited to marijuana, in violation of Title 21, United States Code, Sections 841 and 846.

2.      It was part of the conspiracy that **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** did unlawfully distribute controlled substances.  It was further a part of the conspiracy that **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** solicited others to learn of potential drug traffickers to rob of their drugs and drug proceeds.

3.      It was further a part of the conspiracy that **KYLE CASTLE** was a known associate of **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** and was solicited by **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** to inquire about drug traffickers to rob of their drugs and drug proceeds.

4.      It was a part of the conspiracy that **KYLE CASTLE** is a known associate of **BRIAN MUNCY** and that **BRIAN MUNCY** was engaged in unlawfully distributing controlled substances.  It was further a part of the conspiracy that **BRIAN MUNCY** was familiar with a potential robbery target located at 847 E. N. Broadway in Columbus, Ohio.

5.      It was further a part of the conspiracy that **KYLE CASTLE** and **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** planned to rob the residents of 847 E. N. Broadway, Columbus, Ohio. It was further a part of the conspiracy that **KYLE CASTLE** and **JESSE CLIMER** participated in the conspiracy to plan the robbery, to carry firearms to the robbery, and to rob the residents of 847 E. N. Broadway of controlled substances and proceeds from the sale of controlled substances.

2

6.      It was further part of the conspiracy that the conspirators utilized mobile phones and other communication devices to discuss the robbery, the cover up of the robbery, the dividing of proceeds from the robbery and the distribution of controlled substances.

7.      It was further part of the conspiracy that the conspirators obtained firearms to use in the robbery and possession of controlled substances.

8.      It was further part of the conspiracy that the conspirators destroyed or concealed evidence of the conspiracy, including but not limited to firearms, narcotics, and narcotics proceeds.

9.      It was further part of the conspiracy that the conspirators intimidated and threatened individuals with serious physical harm who were perceived as a threat to revealing the conspiracy.

10.     It was further part of the conspiracy that the conspirators intimidated, threatened, assaulted, and killed individuals who were seen as potential witnesses against members of the conspiracy.

**In violation of Title 21, United States Code, Sections 841 (a)(1) and (b)(1)(C) and 846.**

## COUNT TWO
### (Murder Through the Use of a Firearm
### During and in Relation to a Drug Trafficking Crime)

11.     On or about June 27, 2018, in Columbus, Ohio, in the Southern District of Ohio, the defendants, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J," KYLE CASTLE, JESSE CLIMER,** and others known and unknown to the Grand Jury,  did knowingly use, carry, and brandish a firearm which was discharged, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of this Second Superseding Indictment, and in so

3

doing, the defendants, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J," KYLE CASTLE** and **JESSE CLIMER** committed murder as defined in Title 18, United States Code, Sections 1111 and 2, that is, the unlawful killing of Connor Reynolds, with malice aforethought, such killing being willful, deliberate, malicious and premeditated.

**In violation of Title 18, United States Code, Sections 924(c), 924(j)(1) and 2.**

## COUNT THREE
### (Interference with Commerce by Robbery)

12.     At all times material to this Second Superseding Indictment, A.H. and/or the residents of 847 E.N. Broadway were engaged in activities in and affecting commerce over which the United States has jurisdiction, that is, the trafficking of controlled substances including marijuana.

13.     On or about June 27, 2018, in Columbus, Ohio, in the Southern District of Ohio, the defendants, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J," KYLE CASTLE, JESSE CLIMER, BRIAN MUNCY,** and others known and unknown to the Grand Jury, did knowingly and unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, by robbery, in that **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J," KYLE CASTLE, JESSE CLIMER, BRIAN MUNCY,** and others known and unknown to the Grand Jury, unlawfully took and obtained property, including marijuana and United States currency, from persons engaged in the trafficking of controlled substances, against those persons' will, by means of actual or threatened force, violence and fear of injury, immediate and future, to their person, by robbery of the individuals at gunpoint.

**In violation of Title 18, United States Code, Sections 1951(a) and 2.**

## COUNT FOUR
### (Murder Through the Use of a Firearm During and in Relation to a Crime of Violence)

14.     On or about June 27, 2018, in Columbus, Ohio, in the Southern District of Ohio, the defendants, **LARRY J. WILLIAMS JR., aka "J Streets," aka "J," KYLE CASTLE, JESSE CLIMER,** and others known and unknown to the Grand Jury, did knowingly use, carry, and brandish a firearm which was discharged, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as alleged in Count Three of this Second Superseding Indictment, and in so doing, the defendants, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J," KYLE CASTLE** and **JESSE CLIMER,** committed murder as defined in Title 18, United States Code, Sections 1111 and 2, that is, the unlawful killing of Connor Reynolds, with malice aforethought, such killing being willful, deliberate, malicious and premeditated.

**In violation of Title 18, United States Code, Sections 924(c), 924(j)(1) and 2.**

## COUNT FIVE
### (Conspiracy to Destroy Evidence)

15.     From on or about June 28, 2018 through August 24, 2018, in the Southern District of Ohio, the defendant, **LARRY J. WILLIAMS, JR, aka "J Streets," aka "J,"** and others known to the Grand Jury, did corruptly conspire to alter, destroy, mutilate, and conceal a firearm with the intent to impair its integrity and availability for use in an investigation into a violation of federal law, by directing another individual to alter, destroy, mutilate and conceal evidence, that is a firearm and firearm barrel.

**In violation of Title 18, United States Code, Sections 1512(c)(1) and (k).**

## COUNT SIX
### (Murder of a Witness)

16.     On or about August 24, 2018, through August 26, 2018, the exact dates being unknown, in the Southern District of Ohio, the defendant, **LARRY J. WILLIAMS, JR., aka "J" Streets," aka "J,"** did knowingly, intentionally, and unlawfully and with malice aforethought kill Henry Watson, with intent to prevent Henry Watson from providing a law enforcement officer and judge of the United States with information relating to the commission of, or possible commission of, Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g), Murder Through the Use of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Sections 924(c) and (j), Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), and Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, all being federal offenses, and in so doing, the defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** committed murder, as defined in Title 18, United States Code, Sections 1111 and 2, that is, the unlawful killing of Henry Watson, with malice aforethought, such killing being willful, deliberate, malicious and premeditated.

**In violation of Title 18, United States Code, Sections 1512(a)(1)(C) and (a)(3)(A).**

## COUNT SEVEN
### (Murder of a Witness)

17.     On or about August 24, 2018, through August 26, 2018, the exact dates being unknown, in the Southern District of Ohio, the defendant, **LARRY J. WILLIAMS, aka "J Streets," aka "J,"** did unlawfully and with malice aforethought kill Tera Pennington with intent to prevent Tera Pennington from providing a law enforcement officer and judge of the United

States with information relating to the commission of, or possible commission of, Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g), Murder Through the Use of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Sections 924(c) and (j), Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, and Murder of a Witness, in violation of Title 18, United States Code, Sections 1512(a)(1)(C) and (a)(3)(A), all being federal offenses, and in so doing, the defendant, **LARRY J. WILLIAMS, aka "J Streets," aka "J,"** committed murder, as defined in Title 18, United States Code, Sections 1111 and 2, that is, the unlawful killing of Tera Pennington, with malice aforethought, such killing being willful, deliberate, malicious and premeditated.

**In violation of Title 18, United States Code, Sections 1512(a)(1)(C), and (a)(3)(A).**

## COUNT EIGHT
### (Murder Through the Use of a Firearm During and in Relation to a Crime of Violence)

18.     On or about August 24, 2018, through August 26, 2018, the exact dates being unknown, in Columbus, Ohio, in the Southern District of Ohio, the defendant, **LARRY J. WILLIAMS, Jr., aka "J Streets," aka "J,"** did knowingly use, carry, and brandish a firearm, which was discharged, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Murder of a Witness, as alleged in Count Six of this Second Superseding Indictment, in violation of Title 18, United States Code, Sections 1512(a)(1)(C) and (a)(3)(A), and in so doing, the defendant, **LARRY J. WILLIAMS, Jr. aka "J Streets," aka "J,"** committed murder as defined in Title 18, United States Code, Section 1111, that is the unlawful killing of Henry Watson, with malice aforethought.

7

**In violation of Title 18, United States Code, Sections 924(c) and 924(j)(1).**

## COUNT NINE
### (Murder Through the Use of a Firearm
### During and in Relation to a Crime of Violence)

19.     On or about August 24, 2018, through August 26, 2018, the exact dates being unknown, in Columbus, Ohio, in the Southern District of Ohio, the defendant, **LARRY J. WILLIAMS, Jr., aka "J Streets," aka "J,"** did knowingly use, carry, and brandish a firearm, which was discharged, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Murder of a Witness, as alleged in Count Seven of this Second Superseding Indictment, in violation of Title 18, United States Code, Sections 1512(a)(1)(C), and (a)(3)(A), and in so doing, the defendant, **LARRY J. WILLIAMS, Jr. aka "J Streets," aka "J,"** committed murder as defined in Title 18, United States Code, Section 1111, that is the unlawful killing of Tera Pennington, with malice aforethought.

**In violation of Title 18, United States Code, Sections 924(c) and 924(j)(1).**

## COUNT TEN
### (Obstruction of Justice)

20.     On or about August 25, 2018, through and including August 27, 2018, the exact dates being unknown,  in the Southern District of Ohio, the defendant, **LARRY J. WILLIAMS, Jr., aka "J Streets," aka "J,"** and others known and unknown to the Grand Jury, did corruptly alter, destroy, mutilate, and conceal drywall, baseboards, carpeting, blankets, linens, clothing, and other objects, and attempt to do so, with the intent to impair their integrity and availability for use in an official investigation, that is, Murder of a Witness, in violation of 18, United States Code, Sections 1512(a)(1)(C), (a)(3)(A) and 2, specifically, by directing other individuals to assist him in removing and disposing of potential evidence from and, cleaning out, with bleach and other

8

chemicals, 129 Stevens Avenue, Columbus, Ohio.

**In violation of Title 18, United States Code, Sections 1512(c)(1) and 2.**

## COUNT ELEVEN
### (Conspiracy to Obstruct Justice)

21.     On or about August 25, 2018, through and including August 27, 2018, the exact dates being unknown, in the Southern District of Ohio, the defendants, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J," DURONE ELLIS, aka "B," "BB,"** and others known and unknown to the Grand Jury, did corruptly alter, mutilate, and conceal the bodies of Henry Watson and Terra Pennington by directing other individuals to dismember and remove the bodies from 129 Stevens Avenue, Columbus, Ohio.

**In violation of Title 18, United States Code, Sections 1512(c)(1) and (k).**

## COUNT TWELVE
### (Conspiracy to Possess with Intent to Distribute
### Cocaine, Methamphetamine, Fentanyl and Heroin)

22.     Between on or about January 28, 2019, through and including November 21, 2019, in the Southern District of Ohio, and elsewhere, the defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** along with Lashawn White, Jeffrey Mason Ford, and Stephanie Bouphavong, did knowingly, intentionally and unlawfully conspire with others, both known and unknown to the Grand Jury, to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of Cocaine, a Schedule II controlled substance; Methamphetamine, Schedule II controlled substance; a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidnyl] propanamide, a Schedule II controlled substance; and Heroin, a Schedule I controlled substance.

9

23.     It was a part of the conspiracy that the coconspirators utilized the residence located at 121 Stevens Avenue, Columbus, Ohio as a location to store and distribute controlled substances, in violation of 21 U.S.C. section 841.

24.     It was a part of the conspiracy that **LARRY J. WILLIAMS, JR aka "J Streets," aka "J,"** was in charge of the narcotics distribution at 121 Stevens Avenue, Columbus, Ohio and that other individuals, including Jeffrey Mason Ford, worked for **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** in selling the narcotics at 121 Stevens Avenue.

25.     It was further a part of the conspiracy that the coconspirators would carry firearms while selling narcotics at 121 Stevens Avenue, Columbus, Ohio.

26.     It was further a part of the conspiracy that the coconspirators would permit those who purchased the illegal controlled substances, that is, the drug users, to use the purchased illegal drugs in the basement of 121 Stevens Avenue, Columbus, Ohio.

27.     It is also aledged that on more than one occasion, a drug user overdosed using drugs inside 121 Stevens Avenue, Colubmus, Ohio. It was further a part of the conspiracy that the coconspirators would provide Narcan to users inside 121 Stevens Avenue, Columbus, Ohio when a user overdosed on drugs.

28.     It was further a part of the conspiracy that the members of the drug trafficking organization at 121 Stevens Avenue, Columbus, Ohio would accept Narcan as well as clean syringles towards the purchase of illegal drugs.

29.     It was a part of the conspiracy that Stephanie Bouphavong would regularly travel to 121 Stevens Avenue, Columbus, Ohio to retretive the cash from the sales of the drugs to store them at another location.

30.    It was a part of the conspiracy that Stephanie Bouphavong would hold larger amounts of drugs and transport them to 121 Stevens Avenue, Columbus, Ohio when narcotics ran low there. She would also retreive food for individuals working at 121 Stevens Ave as needed.

31.    It was further a part of the conspiracy that the coconspirators would store large amounts of narcotics and drug proceeds at 4594 Ava Point, Hilliard, Ohio.

32.    It was a part of the conspiracy that Lashawn White would distribute narcotics to **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** and Stephnaie Bouphavong.

33.    It was a part of the conspiracy that Lashawn White used an apartment located at 2849 Drew Heights Place #206, Reynoldsburg, Ohio as a "stash house" to store large amounts of narcotics prior to distributing them.

**In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii)(II), 841(b)(1)(C) and 846.**

### COUNT THIRTEEN
(Possession with Intent to Distribute
Fentanyl, Cocaine, Methamphetamine and Heroin)

34.    On or about November 14, 2019, in the Southern District of Ohio, the defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** along with Lashawn L. White and Jeffrey Mason Ford, did knowingly possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidnyl] propanamide, a Schedule II controlled substance; Cocaine and Methamphetamine, Schedule II controlled substances; and Heroin, a Schedule I controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi) and 841(b)(1)(C).**

## COUNT FOURTEEN
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

35.     On or about November 14, 2019, in the Southern District of Ohio, the defendant,

**LARRY J. WILLIAMS, JR., aka "J Streets,", aka "J,"** did knowingly possess a firearm, that

is: a Sig Sauer, P250, 9 mm pistol, Serial #EAK185340, in furtherance of a drug trafficking crime

for which he may be prosecuted in a court of the United States, as alleged in Count Thirteen of

this Second Superseding Indictment, that is, possession with intent to distribute N-phenyl-N-[1-

(2-phenylethyl)-4-piperidnyl] propanamide, Cocaine and Methampetamine, Schedule II controlled

substances, and Heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).**

## COUNT FIFTEEN
### (Possession with Intent to Distribute Fentanyl)

36.     On or about November 21, 2019, in the Southern District of Ohio, the defendant,

**LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** along with Stephanie S. Bouphavong,

did knowingly possess with intent to distribute 400 grams or more of a mixture or substance

containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidnyl] propanamide, a

Schedule II controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).**

## COUNT SIXTEEN
### (Distribution of Cocaine)

37.     On or about November 21, 2019, in the Southern District of Ohio, the defendant,

**LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** along with Stephanie S. Bouphavong,

12

did knowingly possess with intent to distribute a mixture or substance containing a detectable amount of Cocaine, a Schedule II controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

## COUNT SEVENTEEN
### (Possession with Intent to Distribute Fentanyl, Cocaine, Methamphetamine and Heroin)

38.     From on or about April 1, 2018, through and including September 30, 2018, in the Southern District of Ohio, the defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J," and DURONE ELLIS, aka "B,"** did knowingly possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidnyl] propanamide, a Schedule II controlled substance; Cocaine and Methamphetamine, Schedule II controlled substances; and Heroin, a Schedule I controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi) and 841(b)(1)(C).**

## NOTICE OF SPECIAL FINDINGS

**THE GRAND JURY FURTHER FINDS AS TO COUNTS TWO AND FOUR:**

**LARRY J. WILLIAMS, JR., aka "J Streets", aka "J":**

39.     Pursuant to the provisions of Title 18, United States Code, Sections 3591 through 3592, the following factors exist regarding the defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** in commission of the offenses charged in Counts Two and Four, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

a. The defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** was 18 years of age or more at the time of the offense (18 U.S.C. § 3591(a)).

b. The defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J":**

i. intentionally killed Connor Reynolds (18 U.S.C. § 3591(a)(2)(A)); or

ii. intentionally inflicted serious bodily injury that resulted in the death of Connor Reynolds (18 U.S.C. § 3591(a)(2)(B)); or

iii. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Connor Reynolds died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); or

iv. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Connor Reynolds died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

c. The defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J":**

i. committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8)); or

ii. committed the offense after substantial planning and premeditation (18U.S.C. § 3592(c)(9)).

14

**THE GRAND JURY FURTHER FINDS AS TO COUNTS SIX AND SEVEN:**

**LARRY J. WILLIAMS, JR., aka "J Streets," aka "J":**

40.     Pursuant to the provisions of Title 18, United States Code, Sections 3591 through 3592, the following factors exist regarding the defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** in commission of the offense charged in Count Six, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

a.      The defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

b.      The defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J":**

i.      intentionally killed Henry Watson (18 U.S.C. § 3591(a)(2)(A)); or

ii.     intentionally inflicted serious bodily injury that resulted in the death of Henry Watson (18 U.S.C. § 3591(a)(2)(B)); or

iii.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Henry Watson died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); or

iv.     intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Henry Watson died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

c.      The defendant, **LARRY J. WILLIAMS, JR.,** aka **"J Streets,"** aka **"J":**

i.      committed the offense after substantial planning and premeditation (18U.S.C. §3592(c)(9)); or

ii.     killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. §3592(c)(16)).

## THE GRAND JURY FURTHER FINDS AS TO COUNTS SIX AND SEVEN:

### LARRY J. WILLIAMS, JR., aka "J Streets," aka "J":

41.     Pursuant to the provisions of Title 18, United States Code, Sections 3591 through 3592, the following factors exist regarding the defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** in commission of the offense charged in Count Seven, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

a.      The defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J,"** was 18 years of age or more at the time of the offense (18 U.S.C. § 3591(a)).

b.      The defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J":**

i.      intentionally killed Tera Pennington (18 U.S.C. § 3591(a)(2)(A)); or

ii.     intentionally inflicted serious bodily injury that resulted in the death of Tera Pennington (18 U.S.C. § 3591(a)(2)(B)); or

iii.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Tera Pennington died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); or

iv.     intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the

16

participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tera Pennington died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

    c.      The defendant, **LARRY J. WILLIAMS, JR., aka "J Streets," aka "J":**

        i.      committed the offense after substantial planning and premeditation (18U.S.C. § 3592(c)(9)); or

        ii.      killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## FORFEITURE A

42.      The allegations of this Second Superseding Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States pursuant to 21 U.S.C. § 853(a)(1) and (2).

43.      Upon conviction of an offense in violation of 21 U.S.C. § 841 and/or 21 U.S.C. § 846 as alleged in this Second Superseding Indictment, the defendant, **LARRY J. WILLIAMS, Jr., aka "J Streets," aka "J,"** shall forfeit to the United States, in accordance with 21 U.S.C. § 853(a)(1) and (2), all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including, but not limited to, the following:

    a.      All property seized on or about November 14, 2019, from the residence located at 121 Stevens Avenue, Columbus, Ohio during the execution of a search warrant:

      i.    A Sig Sauer P250, 9mm handgun, SN: EAK185340;
      ii.   An SCCY CPX1, 9mm handgun, SN: 040945;
     iii.   An American Tactical OMNI Hybrid 2.23/5.56 pistol, SN: NS230451;
     iv.   A Mossberg 715T, .22 caliber rifle, SN: EKE3237471;

     v.     A Ruger SR9C, 9mm handgun, SN: 336-65205; and

     vi.    Any related ammunition and magazines.

    b.     All property seized on or about November 21, 2019, from the residence located at 4594 Ava Point, Hilliard, Ohio during the execution of a search warrant:

     i.     A Raven Arms MP 25, .25 caliber pistol, SN: 1847463;

     ii.    A Ruger P94, 9 mm caliber pistol, SN: 308-53444;

     iii.   A Ruger LCP, .380 caliber pistol, SN: 371378008;

     iv.   Any related ammunition and magazines; and

     v.     Approximately $5,519.00 in United States currency.

**Forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2) and Rule 32.2 of the Federal Rules of Criminal Procedure.**

## FORFEITURE B

44.     The allegations of this Second Superseding Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

45.     Upon conviction of any of the offenses alleged in this Second Superseding Indictment, the defendant, **LARRY J. WILLIAMS, Jr., aka "J Streets," aka "J,"** shall forfeit to the United States, in accordance with 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in such offense, including, but not limited to, the following firearms, and any related ammunition and magazines, seized during the investigation in this case:

    a.     A Sig Sauer P250, 9mm handgun, SN: EAK185340;

    b.     An SCCY CPX1, 9mm handgun, SN: 040945;

    c.     An American Tactical OMNI Hybrid 2.23/5.56 pistol, SN: NS230451;

    d.     A Mossberg 715T, .22 caliber rifle, SN: EKE3237471;

    e.     A Ruger SR9C, 9mm handgun, SN: 336-65205; and

    f.     A Raven Arms MP 25, .25 caliber pistol, SN: 1847463;

    g.     A Ruger P94, 9 mm caliber pistol, SN: 308-53444;

    h.     A Ruger LCP, .380 caliber pistol, SN: 371378008;

**Forfeiture pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

A TRUE BILL

s/Foreperson

FOREPERSON

VIPAL J. PATEL
ACTING UNITED STATES ATTORNEY

TIMOTHY D. PRICHARD (0059455)
Assistant United States Attorney

ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney

19